# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

| | |
|---|---|
| OPOLLO JOHNSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV406-51 |
| ) | [underlying CR402-245] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Movant has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal prison sentence. Doc. 80.[1] Because the motion is barred by the statute of limitations applicable to § 2255 motions, the Court recommends that the motion be DENIED.

Movant pleaded guilty to one count of possession with intent to distribute five or more grams of crack cocaine and a quantity of the drug ecstasy pursuant to a plea agreement. Docs. 53, 59. Judgment was entered on June 6, 2003, and movant was sentenced to 240 months' imprisonment,

---

[1]These docket references are to documents filed in the underlying criminal case, CR402-245.

eight years' supervised release, and a $100 special assessment. Doc. 59. Movant timely filed a notice of appeal on June 16, 2003. Doc. 60. The Eleventh Circuit Court of Appeals affirmed his conviction on March 3, 2004. Doc. 67. Movant did not petition the Supreme Court for a writ of certiorari.

The Antiterrorism and Effective Death Penalty Act of 1996 amended § 2255 to require a movant to file a § 2255 motion within one year of the date movant's conviction becomes final. Movant's sentence became final on June 1, 2004, when the period for seeking a writ of certiorari expired. Clay v. United States, 537 U.S. 522, 527 (2003); Sup. Ct. R. 13. Petitioner should have filed his § 2255 motion within a year of that date. Instead, on June 3, 2005, movant submitted a motion for an extension of time to file a § 2255 motion. Doc. 73. The Court denied this motion on June 10, 2005. Doc. 74. On July 20, 2005, movant requested that the Court withdraw all of movant's pending motions in his case, including a § 2255 motion filed on June 29, 2005.[2] On August 2, 2005, the Court granted movant's motion to withdraw and closed his civil case. Doc. 77. The Court dismissed his

---

[2] Movant's first § 2255 motion was docketed as Case No. CV405-107 but was not immediately docketed in movant's criminal case (CR402-245). The Clerk corrected this oversight on December 1, 2005 (doc. 81).

2

pending § 2255 motion without prejudice. On November 7, 2005, movant filed his current § 2255 motion.[3] Doc. 80.

Movant contends that his motion is not time-barred because it is based, in part, on the new constitutional right recognized by the Supreme Court in United States v. Booker, 125 S.Ct. 738 (2005). While movant is correct that the one-year period of limitations may run from the date on which new constitutional rights are initially recognized by the Supreme Court, those rights must have been made retroactively applicable to cases on collateral review for a § 2255 movant to take advantage of that provision. 28 U.S.C. § 2255 (paragraph 3 of the section addressing the one-year statute of limitations.). Movant argues that Booker was made retroactively applicable to cases on collateral review, but he is wrong on this point. The Booker decision expressly applies to cases on direct review at the time the decision was issued. Booker, 125 S.Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 238 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct

---

[3]Movant sought a status report October 4, 2005. Doc. 78. The Court responded by forwarding to movant a copy of the Order dismissing his case. Doc. 79. The current § 2255 motion followed shortly thereafter. The instant motion appears to be an exact copy of Doc. 76, which was construed as a motion for leave to file an out-of-time § 2255 motion.

3

review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past.")); see Varela v. United States, 400 F.3d 864, 867-68 (11th Cir. 2005) (holding that Booker should not be applied retroactively on collateral review); In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005).

Because movant's § 2255 motion was filed outside of the one year limitations period, the Court cannot hear his motion. Accordingly, the Court exercises its discretion, sua sponte,[4] to recommend that movant's § 2255 motion be DENIED.

**SO REPORTED AND RECOMMENDED** this 27TH day of **March, 2006.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] District courts may raise the untimeliness of a § 2255 motion sua sponte. E.g., Acosta v. Artuz, 221 F.3d 117, 123 (2nd Cir. 2000); Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999).